Christopher Pyles v. Sam Nwaobasi Nwaobasi, I'm not sure how to pronounce that so that's what I'm saying, Mr. actually I can't pronounce your name either, Mr. Reg Plessy. Thank you Your Honor, Emmerich Rage Plessis, the plaintiff's appellant. Thank you and may it please the court, there are two grievances at issue in this appeal and I'll be focusing on the one against Dr. Nwaobasi if I pronounce that correctly. The Illinois Code expressly provides that grievances filed after the deadline for good cause shall be considered. Mr. Pyles satisfied the good cause provision and the defendants did not meet their burden of proving otherwise. Could you clarify a factual question for me? He receives his counselor's response on December the 3rd, 2012. Correct. Between December the 3rd and December the 21st, when the law library decides to pick these things up for photocopying, where is it? Is he hanging on to it waiting for some word that the library is going to be open for business so to speak or is there some interim spot where he puts the grievance? I believe the latter, Your Honor. It's a little ambiguous in the record but my understanding is there's some sort of area, Mr. Pyles referred to it as the area for copies and e-files in the gallery, which is where he placed it on December 3rd and it took 18 days until December 21st for the library clerk to pick it up and that of course is a delay beyond his control. Okay, thank you. Indeed, on the day it was due, Mr. Pyles' grievance containing his counselor's response as well was in the hands of prison officials and that's critical to this case. And just two days after the deadline, as soon as prison officials returned it, Mr. Pyles filed his grievance immediately. These facts were undisputed below and they established good cause as a matter of law. In holding otherwise, the district court made no adverse factual findings with respect to this grievance. Instead, as a legal matter on summary judgment, the court assumed that copying delays by prison officials could never be good cause in any circumstances simply because copying a grievance is not required by the Illinois Code. How important is the timeline here? The state raises the concern that if we were to recognize copying as good cause, then everybody would just submit their grievance to the library or whomever else for copying the day before the thing was due and manage to get an extension of time that way. Well, Your timing here is important, but to address that policy concern, it doesn't make a whole lot of sense that prisoners would be submitting a grievance in advance that they've already written late when they know that that's going to jeopardize their ability to file on time. There's really no real incentive of doing that and I don't think we've ever heard of that before. But you would concede that in the situation the state portrays, you know, that they give it to the library the day before, one might legitimately find a lack of good cause. Absolutely, Your Honor. We're not saying that any situation where a prisoner submits a grievance to the library is going to be good cause. It's going to depend on the particular facts of the case. And here, the reasonableness of Mr. Piles' conduct in attempting to copy his grievance since December 3rd was undisputed below. The defendants never advanced any argument as to reasonableness or ever challenged the factual predicates of Mr. Piles' claim to good cause. Instead, they relied only on this legal argument that copying delays are never going to be good cause. So on that factual point, I think I take it that your position is that this idea advanced in footnote 1 on page 16 of the Appelese brief, which is where they set out the idea that there were other ways he might have copied other than giving it to the library. They say numerous options exist beyond waiting until a law librarian comes around to pick up documents for copying. Your position is that that's something that they waived below by saying there were no factual issues? Well, yes, Your Honor. They disclaimed any challenge of the facts at the very beginning of the Pavey hearing. There was a Pavey hearing here with respect to a dispute on the facts as to the second grievance in this case, the one against Dr. Shearing. But when it comes to the one against Dr. Naobasi, if you look at page 832 in the appendix, that's at the very beginning of the Pavey hearing, the magistrate confirmed that there were no factual issues with respect to the grievance against Dr. Naobasi, and defense counsel admitted that they were not challenging those facts. So they essentially disclaimed any of those challenges, and now tellingly in their brief, in that footnote, they're only relying on what they say, quote, information and belief, and that's just not an appropriate basis, of course, for granting summary judgment. So they had a chance to submit that type of evidence, but they did not, and relied only on that legal argument. So that actually just would have been a different way to show that it wasn't good cause, because if you had three or four different ways to copy, there's no reason to hang things up with something outside of your control. Well, yes, your honor, if the evidence showed beyond any reasonable dispute, any genuine dispute that were material, that somehow Mr. Piles was able to reliably obtain a copy of this grievance quickly or beforehand in some other manner, and that he somehow unreasonably chose not to do so, then that would not be good cause. I don't think so. But again, there simply was no evidence to that effect, or even any argument to that effect. Counsel, can I ask you, under, let's say, the Federal Rules of Civil Procedure, there are many rules that bend for good cause. Right. Typically, that determination is left to the sound discretion of the district judge. Whose discretion, if there is discretion here, is at issue? Well, your discretion, unlike some of those provisions, there is no discretion when it comes to considering the grievance in this case, because the statute at issue uses the word shall. If good cause is established. Yeah, I understand that. But who's, is there any discretionary judgment involved in determining good cause? Well, there may be in some situations, your honor, but I think usually the reason there's discretion in a district court to find good cause is because it's an intensely factual matter, it's a subjective determination to some extent, and therefore the district court is in the best position to make that decision as a discretionary matter. But here, again, the facts were undisputed, and we know, for instance, from this court's decision in Hurst versus Hanke, that the prisoner's only burden on this good cause provision is to provide an explanation for the delay. And then it's incumbent upon the prisoner to provide that good cause explanation, and only then may the prisoner have some burden of meeting that challenge with evidence. But in this case, the reasonableness of Mr. Piles' conduct was never challenged. Well, that's what you're saying, that although there's discretion, probably lodged first and foremost in the prison authorities, no one exercised it. And the failure to recognize that one has discretion is a legal error. The district court doesn't seem to think there's any play in the joints about the deadline, which of course is inconsistent with the Illinois Administrative Regulations. Exactly, Your Honor. And that, of course, an abuse of discretion occurs when a legal error is made, and I think that's exactly correct. So even analyzed under an abuse of discretion standard, there would be an error here because the district court itself and the prison authorities themselves apparently failed to recognize that they would have any discretion here, assuming there is any. And I see I'm into my rebuttal. Yeah, if you'd like to say that, that's fine. If I could just, though, I do want to ask you about the Dr. Shearing, the second grievance. Yes, Your Honor. It's in the briefs. I just want to make sure I understand your position. I understand you to be not challenging the credibility finding directly, but to be arguing that the district judge in effect reversed the burden of proof on the affirmative defense of failure to exhaust. That's right, Your Honor, although in a sense it's both. The burden was on the defendants to prove that there were available remedies that Mr. Piles did not use, and the district court seemed to couch that as a credibility determination, and certainly most credibility determinations are entitled to great deference in this court, but that's only really when you're talking about a witness's demeanor on the stand saying that his testimony was not believable. It's more extensive than that, but okay. But you certainly are arguing reversal of the burden of proof, just to be clear. Yes, Your Honor. There was no evidence as to this particular grievance whatsoever that it was ever received, and that really is the primary basis, Your Honors. Okay. Thank you. So you can save your minute. Mr. Chosin. Good morning, Your Honors. May it please the Court. My name is Alex Chosin. I represent Dr. Samuel Wabasi, Dr. Robert Shearing, and Wexford Health Sources Incorporated as it relates to this matter. As Mr. Plessis discussed, the initial grievance relates only to Dr. Wabasi. The secondary grievance, which was challenged for the credibility finding, related to Dr. Shearing as well as Wexford Health Sources. Maybe we could just start with that second one, because I am very concerned about the shift of the burden of proof. When the defense gets up and says, we don't have any record that the grievance was returned to Mr. Pyles, we don't have any evidence one way or the other, we have nothing. They say that on the record, and the only thing that the district court does is it says to Mr. Pyles, you can't show that you didn't behave in the way that you've behaved in the past, despite Mr. Pyle's explanation that he thought it was pointless, but it's not Mr. Pyle's burden to show that he exhausted. It's their burden to show that he failed to exhaust, and it seems to me they basically conceded that they could not carry that burden. Your Honor, I understand your concerns, totally. I disagree, however, that the effect of what took place at the district court level had the effect of shifting the burden to Mr. Pyles to prove whether or not he exhausted his grievances. So the discussion that you're referencing and that Mr. Plessis referenced in his brief were related to specifically a discussion over the each prison creates, which outlines an inmate's interactions with his counselor regarding whatever issues, check-ins, exist at the prison level. Right, so we have on page 838, you saying, so our contention is we believe Mr. Pyle's received this document, but we have no proof either direction, but we certainly have proof that in the past when Mr. Pyle's has not received a response from the grievance officer, he's followed up directly with the ARB, and you, I mean, that statement of yours that there's no proof in either direction just strikes me as a concession that you can't carry your burden of proof that he received this one. If you had had a record that he, that it had been sent out to him and he claimed he didn't get it, that would to me be an entirely different case. There you'd have the presumption of regularity, working in your favor, and his saying he didn't get it, you know, maybe against his other history or something might mean something, but you have nothing. Your Honor, I disagree that we have nothing. We have a situation here where Mr. Pyle's is a very frequent grievance. He's very familiar with the institution and has a history of, as was discussed in the hearing itself, every time Mr. Pyle's received a response from following up with the ARB directly regarding... And how quickly? Why doesn't that cut the other way in this case? That if he had gotten it, he would have, he would have exhausted. I'm not sure I understand your question, Your Honor. Given his habit of taking the denial of every grievance to the ARB, why shouldn't we simply, why isn't it a reasonable inference that he never got it because he never appealed it? Your Honor... He knows how to exhaust his remedies. I understand, Your Honor, and that may be a reasonable inference, but again, that's not the inference the district court made and we have to reverse these issues only for clear error. Or for legal error. Correct, or for faulty logic. Well, legal error, such as misallocating the burden of proof, that's a legal error. Correct, Your Honor, and again, I restate our allegation that we don't feel that this burden of proof was reversed. Instead, the district court took into account the circumstantial evidence regarding Mr. Piles's usual behavior, his knowledge of the system, his, the timing of his, the filing of his complaint only 18 days after the expiration of the time period where he could have appealed that grievance in the ARB and found it much more likely than not Mr. Piles did, in fact, receive this grievance, either blew his time or chose not to appeal this grievance and instead... Why would he change his regular practice like that? You know, this is the one grievance in Mr. Piles's history that he's not going to pursue. It just makes no sense. Exactly, but that cuts both directions as well, Your Honor. Mr. Piles has a history of receiving his grievances and when he doesn't receive his grievance, he acts in a certain way. And he explains, he says, I would have written to the ARB but every time I do, even if I forward a copy to them, they're just going to tell me that there's nothing they can do because it wasn't properly exhausted. So, no sir, I did not bother. So, you know, and this is all about a burden he doesn't have, by the way. It just seems to me that this amounts to no evidence. Your Honor, and again, I'll disagree that this amounts to no evidence. I feel that circumstantially at the district court level, we obviously presented enough evidence. The district court applied the evidence that the district court did. I understand. We know what the district court did. So, what about its failure to recognize that there was a good cause exception to the timing for the Nwabasi complaint? Your Honor, I don't feel that the district court didn't recognize that a good cause exemption existed. I believe we're all here today because the district court determined that sending copies to the law library from plaintiff's own volition, choosing to submit this to the law library, and then suddenly blaming the law library for delays constitutes good cause under this current jurisprudence as it currently stands. In Pavey and Dole specifically, in Pavey it was stated that exhaustion is met as long as the delay isn't the prisoner's own fault. In this instance, we have a prisoner who willfully chose to... He was foolish enough to trust the prison authorities. That certainly was something you could lay at his feet, but he... And as a matter of fact, the district court's opinion is sloppy enough that at one point he uses the wrong name for the plaintiff, which is not something designed to give confidence in any of this. But he just kind of cites Woodford against Noe and Pozo against McCautry and says you have to do it the way the prison says, and he didn't get it in by January 1st, ergo he didn't exhaust. But the Illinois rules include a good cause safety valve, and I don't see the district court engaging with that ever in the opinion. Your Honor, whether the district court engaged in this finding directly, whether good cause existed or not, in this instance... Directly? Where does he do it indirectly? I don't see it anywhere. Your Honor, it was... I agree. Maybe not directly, but it was implicitly found by the denial and based upon the record below. But I would like to know what does the district court think it takes for good cause to exist? Why isn't this, at least with a month, you know, he puts it in some area where the library will pick it up, and you would have cited him for a disciplinary violation if he had forged the signature of the grievance counselor on a handwritten copy. That would have been entirely inappropriate behavior. So, and there's no record about substitute ways to get a copy. I just don't see where the district judge is engaging in any of this. And Your Honor, it's... we agree with you that the investigation below may have not been full. However, the laying of good cause exists at numerous levels in the prison system. Initially, Mr. Piles claimed that his grievance was filed to the produce at this point. However... But he filed the other grievance, so it's pretty easy to see what happened. We've got something in the record that shows. Correct, Your Honor. And that was not filed at the same time. Maybe he didn't take the time to ask to get a copy of that letter made. Yes, exactly. That issue wasn't given his experience. But all this being said, you know, all these issues with the prison grievance system, this grievance was, in fact, retained by the prison grievance system, appears in his records at every level. And still, Mr. Piles chose to submit his grievance to a third party, where he's not... Not a third party, the prison library. It's not like he mailed it off to his mother to have a copy made of it. This is true, Your Honor. A third party between the relationship between him and the grievance officer. His next step in his... But he's not a third party at all. He's an inmate. He only has so many outlets. That's correct, Your Honor. But he's taking actions here in excess of what are required by the rules. He has chosen for his own records to create copies when... Because he knows... You're not... You still have a minute. Okay. He knows that there are issues and there have been case... There has been case law in the past stating that grievances do sometimes get lost. And Mr. Plessis cited those cases as well. However, in this instance, we have a case where Mr. Piles knew the system, knew that his deadline was getting close, still chose to turn over his grievance to the... Grievance off to the law library for copies and was in fact late because of it. All right. Here's the paragraph that worries me in the district court's opinions. At the bottom of page 10 of the opinion, which is at A11, he states in some sense the right question. He says, does a prisoner's sending of his grievance to the law library for copying and subsequent delay as a result constitute good cause to allow the untimely grievance filing to be considered? The answer is no. The Seventh by failing to submit prior to January 1, he failed to strictly comply. That loses good cause. That's where the good cause discussion should have started and instead it's dropped entirely. I see that my time... If you would like to comment, I would appreciate that. In Dole, it says specifically that in a quasi test for good cause, because obviously this court has rejected a bright line test for good cause, that if the prisoner properly followed procedure and yet the complaint remains unresolved through no apparent fault of their own, they've done all that's reasonable to exhaust their administrative remedies. In this instance, Mr. Pyle did not follow proper procedure and that he did not comply with the timelines in place from the code and... So you don't think there actually is any excuse for the January 1 time under the Illinois Administrative Code? In this instance, no, Your Honor. No, no, in ever. You know what? You don't recognize that because that would be a failure to comply. Many of the cases specifically can and deal specifically with complying with institutional procedures and as long as you've complied with every procedure up to that point, that... It's not like he violated any procedure by asking the library to copy it. No, Your Honor, his violation was not timely filing this grievance. All right, thank you very much. Thank you, Your Honor. I think you have about a minute. Thank you, Your Honor. I just want to pick up on the last point that counsel was discussing and it's the same point that the district court relied on. As Your Honor noted, the reasoning here is completely circular. The idea is that there's no good cause for not meeting the 60-day deadline because you didn't meet the 60-day deadline and that simply is not good cause and that appears to be the reasoning of the district court and so in effect it did not recognize any good cause exception at all even though that good cause exception is explicit in the statute and the statute absolutely contemplates grievances being filed after the 60-day deadline when there is good cause. And as to the grievance against Dr. Shearing as well, it's very clear that there was a burden of proof specifically with regard to this grievance and the defendants did not submit any evidence on it at all. And so in conclusion, Your Honors, the bottom line is that the defendants either admitted all the relevant facts with respect to the grievance against Dr. Nawabassi and submitted no relevant evidence with respect to Dr. Shearing and even if there were any genuine dispute of material fact, I see that my time is up. Please finish your thought. Even if there were any genuine dispute on reasonableness when it came to Dr. Nawabassi, the minimum this court would have to do would be to vacate and remand to determine that. Thank you. All right. Thank you very much. And I believe you took this case at our request and so we appreciate your help very much in that of your firm. Thank you very much, Your Honors. And thank you as well, of course, Mr. Joseph. We'll take the case under advisement.